IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IYHANA BYRD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4:18cv778 |
| VS. | § | |
| | § | Jury Trial Demanded |
| CITY OF HOUSTON, | § | |
| | § | |
| Defendant, | § | |

## COMPLAINT

Plaintiff Iyhana Byrd files this Complaint against Defendant City of Houston.

## Parties

1. Plaintiff Iyhana Byrd is an individual residing in Harris County, Texas.

2. Defendant City of Houston ("the City") is a municipality in Harris County, Texas. The City may be served through the City Secretary, Anna Russell, 901 Bagby, Houston, TX 77002.

## Jurisdiction and Venue

3. This Court has federal question jurisdiction because the case arises under the Family and Medical Leave Act (FMLA).

4. Venue is proper because all of the events in question occurred in this District.

## Claim for Relief

5. Ms. Byrd worked as a 9-1-1 Telecommunicator at the City's Houston Emergency Center (HEC), which handles 911 calls. Ms. Byrd started work on May 8, 2017, and was terminated on February 22, 2018.

6. The City is a public agency within the meaning of 29 U.S.C. § 203(x). The City is therefore an "employer" for purposes of the FMLA.

1

7. Ms. Byrd took FMLA leave from February 1, 2018, to February 12, 2018, to care for her child, who had a serious health condition. The FMLA Coordinator orally told her that the leave was approved. On February 9, 2018, the FMLA Coordinator provided a Notice of Eligibility. The regulations implementing the FMLA required the City to provide this notice within five days of learning that the requested leave may be covered by the FMLA. 29 C.F.R. § 825.300(b)(1). If the City wished to deny eligibility, "the notice must state at least one reason why the employee is not eligible." *Id.* § 825.300(b)(2). The Notice of Eligibility did not state such a reason, and instead it stated that Ms. Byrd was eligible.

8. After Ms. Byrd returned from leave, on February 13, 2018, the FMLA Coordinator issued an FMLA Disapproval Notification, claiming that Ms. Byrd was not eligible for FMLA leave. The FMLA does not permit a retroactive denial of eligibility, and in fact the City's failure to comply with the notice requirements constitutes an interference with Ms. Byrd's FMLA rights. *Id.* § 825.300(c). Ms. Byrd relied to her detriment on the Notice of Eligibility and the oral approval of her FMLA leave. The City is estopped from denying that she is eligible for FMLA leave. *Minard v. ITC Deltacom Communs., Inc.*, 447 F.3d 352, 357 (5th Cir. 2006).

9. Nonetheless, the City proceeded to terminate Ms. Byrd based on the absences that should have been covered by the FMLA. Division Manager James Wheeler submitted a recommendation that Ms. Byrd be terminated for missing this time, and HEC Director David Cutler approved it. The City terminated Ms. Byrd on February 22, 2018,

10. Afterwards, Ms. Byrd brought all of these facts to Mr. Cutler's attention through her counsel, and she gave the City an opportunity to correct its violation of the FMLA. The City elected to ignore the letter.

11. All conditions precedent have occurred or been satisfied.

12. The City violated the FMLA (a) by interfering with Ms. Byrd's rights under the FMLA when it failed to properly process her under the FMLA and (b) by then terminating her for taking leave that was protected under the FMLA. The City is therefore liable to Ms. Byrd for back pay, loss of benefits, 100% liquidated damages, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

For the foregoing reasons, the City should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Ms. Byrd and against the City for back pay, loss of benefits, liquidated damages, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, all costs of court, and any other relief to which he may be entitled.

Respectfully submitted,

/s/ David C. Holmes
David C. Holmes, Attorney in Charge
State Bar No. 09907150
Southern District No. 5494
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
Telephone: 713-586-8862
Fax: 713-586-8863

ATTORNEY FOR PLAINTIFF